IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 2:95-cr-0326-WBS-CMK |
| | | 2:14-cv-0574-WBS-CMK |
| Respondent, | | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| JOHN ANDREW CORDOVA, | | |
| Movant. | | |
| _____/ | | |

Movant, a federal prisoner proceeding pro se, brings this motion to vacate, set aside or correct a criminal judgment pursuant to 28 U.S.C. § 2255.  Pending before the court is movant's motion for relief from judgment (Doc. 62).

Rule 4 of the Federal Rules Governing Section 2255 Cases provides for summary dismissal of the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  In the instant case, it is plain that movant is not entitled to relief.  A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28

1

U.S.C. § 2255(a).  Thus, a motion under § 2255 is a challenge to the prisoner's conviction or sentence.

Here, there is nothing in movant's motion indicating he is challenging his conviction or sentence.  Rather, movant appears to be claiming that someone stole his identity and usurped the rights to several of his personal inventions.  Neither such claim is cognizable under a § 2255 motion.  Even if the court were to find merit to his claims, neither claim would result in an immediate or earlier release from his sentence.  As his claims are not cognizable under § 2255, this case should be summarily dismissed.

In addition, a motion under § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to making a motion created by governmental action is removed; (3) the date on which the right asserted was initially recognized if that right has been newly recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(f).  Here, movant entered a plea agreement on May 13, 1996, and the amended judgment was entered on August 26, 1996.  No appeal was filed.  Clearly more than one year has passed and movant has failed to indicate any reason a later date should be applied.

Based on the foregoing, the undersigned recommends that movant's motion to vacate, set aside or correct a criminal judgment pursuant to 28 U.S.C. § 2255. (Doc. 62) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

///

///

///

1 objections with the court.  Responses to objections shall be filed within 14 days after service of
2 objections.  Failure to file objections within the specified time may waive the right to appeal.
3 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  June 3, 2014

                                      _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE