BENJAMIN B. WAGNER
United States Attorney
RICHARD J. BENDER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>JOHN ANDREW CORDOVA,<br><br>              Defendant. | CASE NO.  2:95-CR-0326 WBS<br><br>ORDER DIRECTING HOSPITALIZATION OF DEFENDANT FOR EVALUATION PURSUANT TO 18 U.S.C. §§ 4241(b) and 4243(g) |

     A hearing on the subject of whether the defendant admits or denies the allegations in the Petition for Violation of the Defendant's Terms of Supervised Release was held in open court on August 3, 2015.  The defendant was present and represented by Assistant Federal Defender Michael Petrik.  The United States was represented by Assistant U.S. Attorney Samuel Wong.   During the in-court discussion with the defendant, it became apparent that issues of mental competency exist such that he may not be mentally competent to answer to the pending charges.  Even if sufficiently competent to answer to the charges, the defendant's criminal history and need for mental health treatment while serving his original sentence in this case, demonstrates that he may pose a risk of imposing substantial physical injuries to himself or others, or create a substantial risk of serious damage to the  property of others, if he were released.  Counsel for the defendant made an oral motion for a psychiatric examination of the defendant to determine his mental competency to respond to the charges contained in the Petition to Revoke Supervised Release filed on July 24, 2015.

     Good cause having been shown, the Court hereby ORDERS that the defendant be committed to

the U.S. Bureau of Prisons for a psychiatric and/or psychological examination pursuant to 18 U.S.C. § 4241(b), to determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense.  The Court also directs that the defendant be examined pursuant to 18 U.S.C. § 4243(g), to determine whether the defendant's release (with specific conditions of release and considering the defendant's history while in Bureau of Prison's (BOP) custody) would create a substantial risk of bodily injury to himself and/or another person, and/or a substantial risk of serious damage to property of another.

Finally, the Court recommends that the U.S. Bureau of Prisons (BOP)  transfer the defendant to a location on the west coast of the United States for the ordered psychiatric testing but only as much as it complies with security classification and space availability.

The Office of the Clerk of the Court is directed to deliver a copy of this Order to the U.S. Marshals Service and the U.S. Bureau of Prisons.

Dated:  August 6, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE