HEATHER E. WILLIAMS, #122664
Federal Defender
MICHAEL PETRIK, Jr., #177913
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: (916) 498-5700

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 95-326 WBS |
|---|---|
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER FOR COMMITMENT FOR COMPETENCY RESTORATION UNDER 18 U.S.C. § 4241(d) |
| v. | |
| JOHN CORDOVA, | Date: November 2, 2015<br>Time: 9:30 a.m. |
| Defendant. | Judge: Hon. William B. Shubb |

The parties stipulate, through respective counsel, that the Court should order Mr. Cordova committed for a period of competency restoration treatment. See 18 U.S.C. § 4241(d).

The parties stipulate to the following facts:

1. Federal Bureau Of Prisons Licensed Clinical Psychologist, Angela J. van der Walt, Psy.D., rendered a report dated October 13, 2015, that diagnosed Mr. Cordova with severe mental illness, schizoaffective disorder, bipolar type.

2. Based upon that diagnosis, Dr. van der Walt has found that Mr. Cordova's mental illness will impair his ability to consult with his attorney effectively, and his ability to understand rationally his legal circumstances.

3. In the report, Dr. van der Walt recommends that the Court commit Mr. Cordova for a period of competency restoration treatment under 18 U.S.C. § 4241(d).

4. After review of the report, transmitted to the Court and counsel by electronic mail on October 26, 2015, the parties agree with Dr. van der Walt's diagnosis and recommended course of action regarding a commitment for competency restoration treatment.

5. Mr. Cordova currently resides at MCFP Springfield, an administrative security federal medical center, located in Springfield, Missouri.

The parties stipulate that the Court should find Mr. Cordova incompetent to consult with his attorney effectively, and that Mr. Cordova does not have the ability to understand rationally his legal circumstances.

The parties stipulate that the Court should commit Mr. Cordova for a period of competency restoration treatment under 18 U.S.C. § 4241(d).

The parties stipulate that transporting Mr. Cordova from Springfield, Missouri, to Sacramento, California, for an uncontested competency hearing, and then transporting him back to Springfield, Missouri, for a commitment for competency restoration treatment, would impose a severe hardship upon Mr. Cordova given his present severe mental illness, and would unnecessarily delay competency restoration.

DATED: October 28, 2015            Respectfully submitted,

                                   HEATHER E. WILLIAMS
                                   Federal Defender

                                   /s/ M.Petrik_____
                                   MICHAEL PETRIK, Jr.
                                   Assistant Federal Defender

DATED: October 28, 2015            BENJAMIN B. WAGNER
                                   United States Attorney

                                   /s/ M.Petrik for_____
                                   RICHARD J. BENDER
                                   Assistant U.S. Attorney

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, the report dated October 13, 2015, by Federal Bureau Of Prisons Licensed Clinical Psychologist, Angela J. van der Walt, Psy.D., and good cause appearing, adopts the stipulation in its entirety as its order.

The Court finds Mr. Cordova incompetent to consult with his attorney effectively, and that Mr. Cordova does not have the ability to understand rationally his legal circumstances.

The Court commits Mr. Cordova for a period of competency restoration treatment under 18 U.S.C. § 4241(d).

The Court further finds that transporting Mr. Cordova from Springfield, Missouri, to Sacramento, California, for an uncontested competency hearing, and then transporting him back to Springfield, Missouri, for a commitment for competency restoration treatment would impose a severe hardship upon Mr. Cordova given his present severe mental illness, and would unnecessarily delay competency restoration.

The November 2, 2015 hearing date is vacated.

SO ORDERED.

Dated:  October 28, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE