BENJAMIN B. WAGNER
United States Attorney
RICHARD J. BENDER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN CORDOVA,<br><br>          Defendants. | CASE NO.  2:95-CR-0326 WBS<br><br>STIPULATION AND (proposed) ORDER SETTING HEARING ON MENTAL COMPETENCY OF THE DEFENDANT |

The defendant having previously been found incompetent to answer to, or participate in, the pending Petition against him alleging a Violation of his Terms of Supervised Release, the Court, on March 11, 2016, granted a request by counsel for both parties committing the defendant to the U.S. Bureau of Prisons (BOP) to restore, or attempt to restore, the defendant's competency.  The BOP has attempted to do so and has now issued a report stating that it is unlikely that defendant Cordova can be restored to competency.  Pursuant to 18 U.S.C. § 4241(d), the Court must now determine whether it agrees with the BOP's assessment, that is whether: (1) the defendant remains mental incompetent to be held to answer the pending TSR violation petition, and (2) it is unlikely that the defendant can be restored to competency in the near future.  Assuming that it does agree with BOP's assessment, 18 U.S.C. § 4246(b) then requires that the defendant be examined to determine whether the defendant is "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."  ["risk analysis"]

Instead of transporting the defendant to Sacramento from his present place of confinement in

1 Springfield, Missouri, and back should the Court order further psychiatric and psychologic evaluation to
2 address the risk analysis, which transportation would both impose a hardship on the defendant and be
3 costly for the government, the parties ask the Court to hold the above referenced § 4241(d) hearing via
4 video conferencing.  The defendant and the BOP Psychologist would participate in the hearing via video
5 conferencing from the BOP Medical Center in Springfield with all the other participants in open Court
6 in Sacramento.

7      Therefore, the parties request that the Court schedule the hearing for Monday, August 22 at
8 10:00 a.m., in open Court with the defendant and the BOB Psychologist appearing by video
9 conferencing, to determine whether: (1) the defendant remains mental incompetent to be held to answer
10 the pending TSR violation petition, and (2) it is unlikely that the defendant can be restored to
11 competency in the near future.

Dated:  August 18, 2016

                                               PHILLIP A. TALBERT
                                               United States Attorney

                                  By:  /s/ RICHARD J. BENDER
                                          RICHARD J. BENDER
                                          Assistant United States Attorney

Dated:  August 18, 2016                       MICHAEL PETRIK (by RJB)
                                               MICHAEL PETRIK

IT IS SO ORDERED

Dated:  August 19, 2016

                                               WILLIAM B. SHUBB
                                             UNITED STATES DISTRICT JUDGE