BENJAMIN B. WAGNER
United States Attorney
RICHARD J. BENDER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOHN CORDOVA,<br><br>                    Defendants. | CASE NO.  2:95-CR-0326 WBS<br><br>ORDER CONCERNING MENTAL COMPETENCY OF THE DEFENDANT |

Currently pending against the defendant is a Petition alleging Violations of Terms of Supervised Release, filed July 24, 2015. The defendant had previously been found not competent to be held to answer to the charges and was committed to the U.S. Bureau of Prison (BOP) for treatment pursuant to 18 U.S.C. § 4241(d). [1] Since that time the defendant has undergone treatment which included prescribed medication to treat his mental condition.

The Court, on August 22, 2016, held a hearing in open court on the issue of whether the defendant has recovered sufficiently to allow the proceedings to go forward. The defendant and the Bureau of Prisons Psychologist, Dr. Richard DeMier, participated in the hearing via video conferencing from their location in the U.S. Bureau of Prisons Medical Center in Springfield, Missouri. Counsel for the defendant, AFD Michael Petrik, counsel for the government, AUSA Richard Bender, and the

---

[1] The statutory test for competency to answer charges is whether the defendant suffers from a mental disease or defect such that he is presently mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

Probation Officer, Glenn Simon, were present in Court.

The parties submitted the above issues on the report of Dr. DeMier, which report concluded that the defendant was not presently competent and was unlikely to be rendered competent in the near future. The Court had received and reviewed that report prior to the hearing. At the hearing, the Court heard briefly from Dr. DeMier and Probation Officer Simons, and asked numerous question directed to the defendant, which the defendant answered.

Based primarily on the defendant's coherent answers to the Court's questions and the defendant's overall demeanor, the Court concluded that the defendant was, in fact, able to understand the nature and consequences of the proceedings against him and had the mental capacity and ability to assist properly in his defense. As such the Court found the defendant competent to answer the charges and that the TSR violation petition proceedings should go forward.

The Court notes that, based on Dr. DeMier's report and the information provided at the hearing, it was apparent that the defendant's prescribed medication played a pivotal role in restoring the defendant's competency. Should the defendant stop taking his medication, whether by refusing the medication or because it becomes unavailable to him, his mental condition would likely change. At the hearing, the defendant agreed and promised to continue to take the medication. The Court also finds it imperative that the defendant continue to be given access to his medication as the proceedings go forward and while he is in the custody of the BOP and/or the U.S. Marshals (and at the Sacramento County Jail) until the proceedings are concluded.

It is therefore the ORDER of the Court, that the U.S. Marshal's Service transport the defendant back to Sacramento from the BOP custody in Missouri, as soon as reasonably possible but no later than September 19, 2016, to answer the Petition for Violation of Supervised Release in this case. A status conference will be held at 9:00 a.m. on September 19, 2016, to set further dates in the proceeding.

Dated: August 25, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE